UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ED R. STROBUSH, JR.<br><br>  Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES, LLC, et al.,<br><br>  Defendants. | CIVIL ACTION NO.<br><br>1:23-CV-5127-SEG-JSA |

# **O R D E R**

Plaintiff Ed R. Strobush, Jr. initiated this lawsuit on November 7, 2023, alleging that Defendants Equifax Information Services, LLC ("Equifax"), Experian Information Solutions, Inc. ("Experian") and Trans Union, LLC ("Trans Union") violated the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, by failing to follow reasonable procedures to ensure the accuracy of their credit reports and credit files concerning Plaintiff, leading them to improperly report him as deceased. (Doc. 1.)  Plaintiff further alleges that Defendants failed to conduct reasonable investigations when he disputed his status as deceased. (*Id.*)

Plaintiff voluntarily dismissed his claims against Trans Union with prejudice on April 22, 2024, after the parties reached a settlement. (Doc. 25.) On May 14, 2024, Plaintiff and Experian agreed to stipulate to arbitration of

Plaintiff's claims.[1]  (Doc. 27.)  And on July 22, 2024, Plaintiff and Equifax notified the Court that they "have reached a settlement to resolve Plaintiff's claims."  (Doc. 33.)  They request that all case deadlines be stayed while they execute the final settlement agreement.  (*Id*. at 1.)

"District courts have unquestionable authority to control their own dockets [and] [t]his authority includes broad discretion in deciding how best to manage the cases before them."  *Smith v. Psychiatric Solutions, Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014) (internal quotations and citations omitted).  There being no currently pending issues before this Court, the Clerk is DIRECTED to administratively close this case.  Administrative closure of a case is a docket control device used by the Court for statistical purposes.  This order does not prejudice the rights of the parties to litigation in any manner.  The parties are relieved from any case-related deadlines during the period of administrative closure.

Should the settlement between Plaintiff and Equifax fail, either of those parties may move to reopen this case and resume litigation.  Otherwise,

---

[1] Following this stipulation, the Magistrate Judge stayed all deadlines in the case as to Experian pending completion of the arbitration.  (Doc. 28.)  The Magistrate Judge ordered Plaintiff and Experian to file reports as to the status of arbitration at 90-day intervals, beginning September 30, 2024.  (*Id*.)

Plaintiff and Equifax shall file their Rule 41 stipulation of dismissal once the terms of the settlement have been satisfied.

Plaintiff and Experian SHALL file joint reports as to the status of arbitration at 90-day intervals beginning September 30, 2024, and continuing until such time as all of Plaintiff's claims against Experian are dismissed.

**SO ORDERED** this 30th day of July, 2024.

_____
SARAH E. GERAGHTY
United States District Judge